946 A.2d 1024

IN THE MATTER OF ERIC D. WACHTEL,
AN ATTORNEY AT LAW.

May 6, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–275, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13, **ERIC D. WACHTEL of CHERRY HILL,** who was admitted to the bar of this State in 1988, should be suspended from the practice of law for a period of six months for violating *RPC* 8.4(c) (criminal act that reflects adversely on lawyers' honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice law respondent should be required to submit proof of his fitness to practice and submit proof that he remains alcohol and drug free;

And the Court having reviewed the matter and having determined that following reinstatement to practice, respondent should be supervised in his practice of law for a period of one year and should submit to the Office of Attorney Ethics periodic reports by his mental healthcare provider;

And good cause appearing;

It is ORDERED that **ERIC D. WACHTEL** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective June 2, 2008; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is fit to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics and shall submit proof that he does not use alcohol or drugs, other than those prescribed by his healthcare provider; and it is further

ORDERED that following reinstatement to practice, respondent shall submit to the Office of Attorney Ethics periodic reports by his mental healthcare provider attesting that respondent has continued in therapy, is compliant with the therapist's recommendations, and is remaining abstinent of alcohol and illegal substances, on a schedule to be determined by the Office of Attorney Ethics, for a period of two years and until the further Order of the Court; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.